UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARNER CONSTRUCTION, INC., CASCADE TOWER & RIGGING, INC., and KIMACO, LLC,

Plaintiffs,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, Local 302, and NESS CRANES, INC.,

Defendants.

No. C07-0775MJP

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Marsha J. Pechman, United States District Judge:

On July 5, 2007, the parties are scheduled to present oral argument at a hearing for a preliminary injunction in the above-captioned case. (Dk. No. 6.) Whether or not a preliminary injunction is warranted on the merits, the Court is concerned that it lacks jurisdiction to issue a preliminary injunction in light of the anti-injunction provisions of the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq. ("the Act").

In cases arising out of labor disputes, Section 4 of the Act bars Federal courts from issuing an injunction requiring any person or persons "to remain in any relation of employment." 29 U.S.C. §

ORDER - 1

104(a). In this case, Plaintiffs are seeking an injunction to require the Union to extend their collective bargaining agreement. It appears that any such injunction would be tantamount to requiring the parties "to remain in a relation of employment," thus violating the Act.

Plaintiffs argue in their opening brief that the Norris-LaGuardia Act does not apply when a defendant's conduct is alleged to violate anti-trust laws. (Dk. No. 5 at 9.) But this runs contrary to Section 5 of the Act, which expressly bars a court from enjoining any of the protected activities of Section 4 *even if* those activities constitute "an unlawful combination or conspiracy." 29 U.S.C. § 105. Because the Union's refusal to remain in a relation of employment with Plaintiffs is expressly protected by Section 4 of the Act, Section 5 apparently bars this Court from enjoining the Union's activity *even if* such activity constitutes an anti-trust violation. See Milk Wagon Drivers' Union, Local No. 753 v. Lake Valley Farm Products, 311 U.S. 91, 103 (1940) ("For us to hold, in the face of [the Norris-LaGuardia Act], that the federal courts have jurisdiction to grant injunctions in cases growing out of labor disputes, merely because alleged violations of the Sherman Act are involved, would run counter to the plain mandate of the act and would reverse the declared purpose of Congress"); also 12 Emp. Coord. Labor Relations § 50:83 ("a federal court may not enjoin conduct which the Norris-LaGuardia Act declares not to be enjoinable even if the conduct in question is unlawful.").

Furthermore, the Norris-LaGuardia Act sets up *procedural* bars to the issuance of an injunction, wholly apart from the *substantive* bars of Sections 4 and 5. See generally 12 Emp. Coord. Labor Relations § 50:75. For instance, Section 7 of the Act requires that a Federal court not issue an injunction without hearing the live testimony of witnesses. See 29 U.S.C. § 107. In this case, however, the parties are not planning to provide live testimony at the July 5 hearing. (Dk. No. 6 at 2.) Section 7 also requires a party seeking an injunction to give personal notice to the chief law enforcement officer in the county where the alleged wrongful acts occurred. See 29 U.S.C. § 107. In this case, however, the Court has received no indication that any law enforcement officers have been notified.

ORDER - 2

In short, the Court is doubtful that it has jurisdiction to issue a preliminary injunction, given the substantive and procedural bars of the Norris-LaGuardia Act. In light of these concerns, the parties are ordered to present supplementary briefing on this issue, to be received by Tuesday, July 3, 2007.

Dated: June 29, 2007.

                                                    BRUCE RIFKIN, Clerk

                                                    <u>By s/ Mary Duett</u>
                                                    Deputy Clerk

ORDER - 3