UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARNER CONSTRUCTION, INC., CASCADE TOWER & RIGGING, INC., and KIMACO, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, Local 302, a labor union, and NESS CRANES, INC., a Washington Corporation,<br><br>Defendants. | Case No. C07-775MJP<br><br>ORDER REGARDING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' motion for an order directing Ness Cranes ("Ness") to comply with a subpoena and to show cause why it should not be held in contempt. (Dkt. No. 34.) Ness opposes the motion and requests fees. (Dkt. No. 36.) Having reviewed the motion and response, Plaintiffs' reply (Dkt. No. 40), all documents submitted in support thereof and the record herein, the Court GRANTS IN PART Plaintiffs' motion to compel, DENIES Plaintiffs' motion for an order to show cause, and DENIES Ness' request for fees.

**Background**

This case arises from a dispute among businesses in the tower crane industry and a local union. Plaintiffs Cascade Tower & Rigging, Garner Construction, and KIMACO LLC are all women-owned or operated businesses operating crane and crane related services for the construction industry in the Puget Sound area. Defendant Local 302 is a non-profit labor organization that provides Plaintiffs with trained tower crane operators and other employees.

ORDER — 1

Ness Cranes ("Ness") also offers various crane related services and competes directly with Plaintiffs. In the Spring of 2007, the union insisted on changes to the collective bargaining agreement governing the terms of employment of crane operators. (Compl. ¶ III.23.) Apparently, Plaintiffs did not agree to the terms, but Ness did.

On May 21, 2007, Plaintiffs filed their complaint, asserting state and federal claims against the union and Ness. Plaintiffs asserted claims under the National Labor Relations Act, 29 U.S.C. §§ 158(b)(4)(B), the Sherman Act, 15 U.S.C. §§ 1, 2, and 4, RCW § 19.86 *et seq.*, state common law for wrongful or tortious interference with Plaintiffs' business interests, and RCW §§ 49.60.190 and .220 for illegal targeting of minority-owned businesses. After the Court denied Plaintiffs' request that the Court preliminarily enjoin the agreement between Ness and the union, Plaintiffs voluntarily dismissed their claims against Ness. (Dkt. No. 22.) Ness is therefore no longer a party to this action.

After voluntarily dismissing its claims against Ness, on August 23, 2007, Plaintiffs served a subpoena on Ness and its Vice President Kurt Kleppe (collectively "Ness"), seeking the production of various documents. Ness timely objected by letter. (Pearce Decl., Ex. B.) The parties conferred regarding the subpoena, and Ness refused to turn over any documents, except for two agreements already filed with the Court. (Wright Decl. ¶ 4.) On October 25, Plaintiffs filed a motion to show cause, requesting that the Court compel Ness to comply with the subpoena and to show cause why it should not be held in contempt. Ness opposes the motion and requests attorneys' fees.

**Discussion**

**I.    Motion to Compel**

Although Plaintiffs do not label their motion a motion to compel, they seek production of all documents requested in their August subpoena. Federal Rule 45, which governs subpoenas, provides that where a party has objected to the subpoena, the party seeking documents may move to compel production of the documents. Fed. R. Civ. P. 45(c)(2)(B). An order compelling

ORDER — 2

production of subpoenaed documents should avoid imposing an undue burden or expense on the producing party. See Fed. R. Civ. P. 45(c)(2)(B), (c)(3)(A)(iv), (c)(1). Ness argues that responding to Plaintiffs' subpoena would impose an undue burden and significant costs on Ness. It argues that Plaintiffs seek documents that are not relevant to the dispute between Plaintiffs and the union, that some of the topics concern Ness' confidential business information, and that the request is overbroad.

Whether a subpoena imposes an undue burden depends on the relevance of the information requested, the need for the production, the breadth, particularity and time period of the request, and the burden imposed. 9 James Wm. Moore, et al., Moore's Federal Practice § 45.32 (3d ed. 2006). In addition to the above listed criteria, courts should also consider whether a subpoena is directed towards a non-party witness: "[a] non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court." Fed. R. Civ. P. 45, Advisory Committee Note of 1991, subdivision (c). A non-party witness is subject to the same scope of discovery under Rule 45 as a party is under Rule 34. See Fed. R. Civ. P. 45, Advisory Committee Note of 1991, subdivision (a). Thus, the party seeking information may obtain discovery regarding any matter, not privileged, that is relevant, i.e. reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 34(a), 26(b). That said, the Ninth Circuit has suggested that discovery against a non-party is more limited than the liberal discovery against parties. See Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).

With these criteria in mind, the Court concludes that some, but not all, of documents requested by Plaintiffs impose an undue burden on Ness and need not be produced. The Court concludes that Ness need only produce those documents that relate to Ness' relationship with the union and/or Ness' relationship with Plaintiffs. (See Dkt. No. 34, Attachment A to Subpoena Duces Tecum, requests a-i, s, v, w, and x.) Plaintiffs sought various documents that relate only to Ness' business operations apart from any connection to the union or Plaintiffs. (See Dkt. No. 34,

ORDER — 3

1  Attachment A to Subpoena Duces Tecum, requests j-r, t, u, y, z.)  Plaintiffs have failed to
2  adequately show how those documents are relevant to their claims against the union, rather than
3  any anticipated claims against Ness.  In addition, many of the requests seek confidential
4  commercial information — Plaintiffs have not shown adequate need such that the Court should
5  force Ness to reveal its proprietary information to its competitors.  The motion to compel is
6  therefore only granted in part.

7  **II.    Motion for Order to Show Cause**

8  Plaintiffs request an order to show cause why Ness should not be held in contempt for not
9  producing the documents requested by Plaintiffs' subpoena.  Federal Rule 45 provides that a
10 person may be deemed in contempt of court for failure to obey a subpoena unless there is an
11 adequate excuse. Fed. R. Civ. P. 45(e).  Raising a timely objection qualifies as an adequate
12 excuse. See Fed. R. Civ. P. 45(c).  Having timely objected to the subpoena, Ness was not
13 obligated to produce any documents unless and until Plaintiffs obtained a court order requiring
14 Ness to do so. Id.; see also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir.
15 1983).  Because Plaintiffs never obtained such an order, "[Ness'] noncooperation [can] not be
16 deemed a contempt under Rule [45(e)]." Pennwalt, 708 F.2d at 494.  The motion for order to
17 show cause is DENIED.

18 **III.   Attorneys Fees**

19 Because Plaintiffs' motion to compel has some merit, Ness' motion for attorneys' fees is
20 DENIED.

21 //
22 //
23 //
24 //
25 //
26 //
27

ORDER — 4

**Conclusion**

For the above stated reasons, the motion to compel is GRANTED IN PART AND DENIED IN PART. Ness must respond to requests a-i, s, v, w, and x, but need not respond to requests j-r, t, u, y, z. Plaintiffs' motion for order to show cause was improper and is DENIED. Ness' motion for attorneys' fees is likewise DENIED.

Filed this 4th day of December, 2007.

Marsha J. Pechman
United States District Judge

ORDER — 5